UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
WESTERN DIVISION

DMITRII POLADYCHEV,

Petitioner,

v.

ERNESTO SANTACRUZ JR., et al.,

Respondents.

No. 2:26-cv-08948-JDE

ORDER REGARDING PETITION

**I.**

**PROCEEDINGS**

On August 11, 2026, Dmitrii Poladychev ("Petitioner"), through counsel, filed a Petition for Writ of Habeas Corpus alleging his detention by immigration authorities violates the Due Process Clause, 8 U.S.C. § 1231(a)(6), and the Administrative Procedure Act. Dkt. 1 ("Petition" or "Pet."). He seeks his release, or alternatively, a constitutionally adequate bond hearing; a declaration that his detention is unlawful; an order enjoining Respondents from re-detaining him under 8 U.S.C. § 1231(a)(6) unless and until they obtain a travel document for his removal; an order enjoining Respondents from re-detaining him without first following the procedures set forth in 8 C.F.R. §§ 241.4(l), 241.13(i), and any other applicable statutory and

regulatory procedures; and an order enjoining Respondents from removing him unless they provide him and his counsel written notice in a language he can understand. Id. at 19-20. On August 20, 2026, Respondents filed an Answer, acknowledging Petitioner is "seeking an order requiring Respondents to release him from immigration detention" and advising the Court that they "are not presenting any opposition argument at this time" and "[s]hould the Court enter relief, judgment may be entered, and consistent with the 'expeditious resolution' of § 2241 Immigration Petitions required by the General Order, no more filings or proceedings will be necessary in this matter." Dkt. 8.

Although the time to file an optional Reply has not expired, in light of Respondents' position (cf. C.D. Cal. Local Civil Rule 7-12), the Court proceeds to rule on the Petition. For the reasons explained below, the Petition is granted, in part.

## II.

## BACKGROUND

Petitioner is a native and citizen of Russia. He entered the United States on or about December 27, 2022 and was paroled by the Department of Homeland Security, subject to reporting requirements, on December 31, 2022. Pet. ¶ 1, Exh. A. Petitioner's wife timely filed an application for asylum and for withholding of removal, with Petitioner and the couple's three children derivative applicants on that application, which remains pending. Id. ¶ 2. No removal proceedings have been initiated against Petitioner. Id. ¶ 13.

Petitioner has fully complied with all reporting requirements and has no criminal history. Pet. ¶¶ 6, 11-12. At his August 11, 2026 check-in, he was detained by U.S. Immigration and Customs Enforcement ("ICE"). Id. ¶ 8. Petitioner was re-detained without notice, without changed circumstances, and without any individualized custody determination. Id. ¶ 24. He has not been

provided any individualized custody determination either before or since his detention. Id. ¶ 16. Though provided an opportunity to challenge these facts in an Answer, Respondents did not do so.

## III.

## DISCUSSION

A petitioner seeking habeas relief must demonstrate that he is in custody in violation of the Constitution, laws, or treaties of the United States. 28 U.S.C. § 2241(c)(3). The protections of habeas corpus extend to those in immigration detention. See Lopez-Marroquin v. Barr, 955 F.3d 759, 759 (9th Cir. 2020); Nadarajah v. Gonzales, 443 F.3d 1069, 1075-76 (9th Cir. 2006). "[D]istrict courts retain jurisdiction under 28 U.S.C. § 2241 to consider habeas challenges to immigration detention that are sufficiently independent of the merits of [a] removal order." Lopez-Marroquin, 955 F.3d at 759.

The Due Process Clause prohibits deprivations of life, liberty, and property without due process of law. U.S. Const. amend. V. Due process rights extend to noncitizens present in the United States, including those subject to final removal orders. Zadvydas v. Davis, 533 U.S. 678, 693-94 (2001). Due process requires that an individual be afforded notice and opportunity to be heard "at a meaningful time and in a meaningful manner." See Mathews v. Eldridge, 424 U.S. 319, 333, 348 (1976) (citation omitted). The Court must consider: (1) "the private interest that will be affected by the official action"; (2) "the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards"; and (3) "the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail." Id. at 335.

All three factors support a finding that Petitioner's due process rights were violated in the revocation of his conditional parole. First, he has a

significant liberty interest in remaining at liberty under his conditional parole. "Even individuals who face significant constraints on their liberty or over whose liberty the government wields significant discretion retain a protected interest in their liberty." Pinchi v. Noem, 792 F. Supp. 3d 1025, 1032 (N.D. Cal. 2025). "Although the initial decision to detain or release an individual may be within the government's discretion, 'the government's decision to release an individual from custody creates "an implicit promise," upon which that individual may rely, that their liberty 'will be revoked only if [they] fail[ ] to live up to the . . . conditions of release.'" Faizyan v. Casey, 2025 WL 3208844, at *7 (S.D. Cal. Nov. 17, 2025) (alterations in original) (quoting Pinchi, 792 F. Supp. 3d at 1032); see also Zadvydas, 533 U.S. at 690 ("Freedom from imprisonment—from government custody, detention, or other forms of physical restraint—lies at the heart of the liberty [the Due Process Clause] protects."). Thus, "after that individual is released from custody [he] has a protected liberty interest in remaining out of custody." Salazar v. Casey, 2025 WL 3063629, at *3 (S.D. Cal. Nov. 3, 2025) (quoting Pinchi, 792 F. Supp. 3d at 1032).

Second, the risk of an erroneous deprivation of such interest is high as Petitioner's conditional parole was revoked without an opportunity to be heard. Faizyan, 2025 WL 3208844, at *7; see also Singh v. Andrews, 803 F. Supp. 3d 1035, 1047 (E.D. Cal. 2025) (finding the risk of an erroneous deprivation of liberty was high where the petitioner had not received any bond or custody redetermination hearing). Under the circumstances here, "[c]ivil immigration detention is permissible only to prevent flight or protect against danger to the community." Pinchi, 792 F. Supp. 3d at 1035. There is no evidence that Petitioner's detention would serve either purpose. Since the "initial determination that Petitioner should be [released] because [he] posed no danger to the community and was not a flight risk, there is no evidence that these findings have changed." Salazar, 2025 WL 3063629, at *4 (citing Saravia

v. Sessions, 280 F. Supp. 3d 1168, 1176 (N.D. Cal. 2017) ("Release reflects a determination by the government that the noncitizen is not a danger to the community or a flight risk.")). Petitioner contends he has complied with all conditions of his release, has no criminal record, and has work authorization. Pet. ¶¶ 6, 11-12, 17, 65. Respondents present no evidence showing any change in material circumstances warranting reconsideration of Petitioner's release. Indeed, as noted, Respondents concede they do not have an opposition argument to present. See Dkt. 8.

Third, the government's interest in detaining Petitioner without a hearing is low here. See Ortega v. Bonnar, 415 F. Supp. 3d 963, 970 (N.D. Cal. 2019) ("If the government wishes to re-arrest [the petitioner] at any point, it has the power to take steps toward doing so; but its interest in doing so without a hearing is low."); Pinchi, 792 F. Supp. 3d at 1036 ("Detention for its own sake, to meet an administrative quota, or because the government has not yet established constitutionally required pre-detention procedures is not a legitimate government interest.").

The Court finds the revocation of Petitioner's conditional parole deprived him of his due process rights and his detention is unlawful. Faizyan, 2025 WL 3208844, at *7; Salazar, 2025 WL 3063629, at *5. Given that Respondents have identified no material changes in circumstances or otherwise opposed Petitioner's due process claim, the Court finds immediate release is warranted. See Faizyan, 2025 WL 3208844, at *7-8; Salazar, 2025 WL 3063629, at *6. Petitioner's other requests for relief are denied as moot, unsupported, and/or speculative due to the relief granted herein.

## IV.

## ORDER

IT IS ORDERED that Judgment shall be entered (a) granting the Petition, in part, and ORDERING Respondents to immediately release

**Petitioner Dmitrii Poladychev (A# 246 606 283)** from custody, subject to his preexisting conditions of parole, and (b) denying the Petition without prejudice in all other respects as moot and/or speculative.

Dated: August 21, 2026 ____

JOHN D. EARLY
United States Magistrate Judge